CHARLES McM. CADWALLADER, PLAINTIFF IN ERROR, v.
JACOB B. HIRSHFELD, TRADING AS J. B. HIRSHFELD
& COMPANY, DEFENDANT IN ERROR.

Argued December 6, 1898—Decided March 6, 1899.

1. Whilst the endorsement of a party on the back of a negotiable promissory note, prior to that of the payee, standing alone, does not express or imply any contract upon the part of the endorser because of such signature, yet the note, upon proof of its execution and endorsement, is admissible in evidence as the basis of proof of the real engagement between the parties thereto.

2. Whether any liability at all arises against a party so signing such note on the back thereof, in connection with extrinsic proof of the intention of the party so signing, or if liability be found whether it be that of maker, surety, guarantor or endorser, where the facts are in dispute or where there is evidence tending to establish more than one conclusion in respect thereto, or where the facts are not in dispute yet different conclusions can be reasonably and legitimately reached, are questions which, under proper instructions by the court, must be left to the jury to determine.

3. Where there is evidence tending to establish that the defendant, so signing such note on the back thereof, intended to become the maker thereof or a surety thereon, and where there is also evidence tending to establish that he only intended to become a second endorser, the question in dispute of whether the contract was only that of a second endorser or that of a maker or surety must be determined by the jury. The only question which the trial court can determine, upon a motion to direct a verdict for the defendant, is whether there is any evidence to go to the jury to support a verdict for the plaintiff. The credibility of the evidence, the meaning and force thereof and its sufficiency, are questions for the jury, and upon error their determination will not be interfered with.

On error to the Supreme Court.

For the plaintiff in error, *Samuel C. Mount.*

For the defendant in error, *Barton B. Hutchinson.*

The opinion of the court was delivered by

LIPPINCOTT, J.    This action was by Jacob B. Hirshfeld, trading as J. B. Hirshfeld & Co., as plaintiff, against Charles

McM. Cadwallader as defendant, to recover the amount due on a promissory note, of which the following is a copy, with the endorsements thereon :

"294.70/100.                              July 29, 1897.

"One month after date I promise to pay to the order of J. B. Hirshfeld and Co. two hundred and ninety-four 70/100 dollars, at Peoples Bank.  New York City.  Value Received.
                              "E. M. CADWALLADER.

[Endorsed]—
"C. McM. CADWALLADER.
"J. B. HIRSHFELD & Co."

The declaration contained the common counts, with a bill of particulars, containing a copy of this note, annexed.   The plea of the defendant was the general issue, but at the trial leave was given to the plaintiff to amend, upon the objection made by the defendant upon the offer of the note in evidence, by incorporating a special count in the declaration to charge the defendant with liability as a maker or surety on the note. After this the trial was had upon the basis of this amendment.   Whether the amendment was necessary to make or not, it resulted in no surprise to the defendant and was entirely within the discretion of the court.   No motion or application was made for any postponement of the trial to meet the proof to be offered under the amended declaration, and mention is only made of the matter because, under the objection and exception in respect to this question, a contention is made that there could be no recovery in this action upon a declaration containing only the common counts. Upon the record as it stands this exception can be of no avail.   In fact, it would be within the power of this court to make the amendment if the whole case had been presented upon its merits, as appears to have been the case here upon the trial.

It has been decided in this court that upon such a promissory note as the one sued on appears to be, no liability arises

impliedly or expressly against a party whose signature appears so irregularly thereon. The signature thereon is not formally in the place and order to give rise to the application of the rules of law governing the liability of parties upon ordinary commercial paper. Whilst the promissory note may be the basis of the action, no contract whatever of liability to the payee against such endorser arises. *Chaddock* v. *Van Ness,* 6 *Vroom* 517; *Building Association* v. *Leeds,* 21 *Id.* 399. See dissenting opinion of Mr. Justice Dixon in the latter case.

An objection was made and exception sealed to the formal admission of the note in evidence by the trial court, on the ground that it was not a binding contract between the parties upon which recovery could be had against the defendant. The signatures, including that of the defendant on the back thereof, were duly proved, and there was no objection upon that score, and the note was admitted after the evidence of the plaintiff had been introduced showing the circumstances under which it was signed.

It is not observed how the note could have been excluded. In all cases of this character the promissory note has been admitted as the basis of the action, and to which the parol or extrinsic evidence as to whether any contract existed is to be applied, and, if any contract be proved, the character thereof. Whether a contract be proved at all in connection with the note, by the extrinsic facts, or any liability to the plaintiff arises by reason of such facts and circumstances, is a question to be subsequently determined. A contract ambiguous in its terms is admissible in evidence, and whether susceptible or not of parol or extrinsic evidence in explanation, reason is afforded for its rejection as evidence. No error exists in the formal admission of the promissory note in evidence in the case. *Chaddock* v. *Van Ness, supra; Building Association* v. *Leeds, supra.*

By these cases also the procedure of the trial justice in admitting parol or verbal extrinsic evidence, to show what the real agreement and intention of the parties were, has been fully sanctioned.

The defendant at the trial, under the evidence, contended that no contract whatever existed between the parties to the note as to the liability of the defendant; or if any existed it was that of a second endorser with reference to the payee, and that, therefore, also the defendant was not liable, and that a verdict should be directed for the defendant, and, upon the refusal of the trial justice to so direct, an exception was signed and sealed.

. The plaintiff contended that by the evidence the contract of the defendant was that of a maker or surety, and that, therefore, the defendant was liable to the payee for the amount thereof.

The learned trial justice submitted these questions to the jury and proper instructions as to the principles of law applicable to each class of contracts arising, and the jury returned a verdict for the plaintiff against the defendant for the amount of the note and interest.

There were but two witnesses sworn—Mr. Hirshfeld, for the plaintiff, and the defendant.

Mr. Hirshfeld testified that he saw the defendant write his name on the back of the note; that at that time one E. M. Cadwallader, who was the brother of the defendant, was quite largely indebted to the plaintiff and had asked for forbearance or extension of time in which to pay, which the plaintiff agreed to give him if he could find some acceptable person to become bound with him on this and other notes; that at the time the note was signed by the defendant he asked what it was for and was told by his brother that it was to secure the plaintiff company for an extension of time and forbearance in other respects; that the defendant said at the time that he supposed he would have to pay the notes. Besides this evidence a written paper or receipt was given by the plaintiff company to E. M. Cadwallader, to which the defendant was a witness, acknowledging the receipt of this and other notes in settlement of the claims of the plaintiff company against E. M. Cadwallader and agreeing to extend

the notes for two months longer if one-half of each note should be paid at maturity and of each renewal thereof.

The defendant testifies that the first time he saw this note was when his brother, E. M. Cadwallader, and Mr. Hirshfeld met at the carriage factory of the defendant company at the time of signing of this and other notes.    He says that he put his name on the back of the note at the request of his brother, as a favor to him ; that the notes were drawn when he got there and the meeting was by appointment.  · He testifies that his brother had seen him previously and asked him to endorse the notes as a favor to him, which he promised to do; he drew the receipt to which reference has been made and witnessed it; he wrote his name on the back of the notes and handed them to Mr. Hirshfeld ; he says his reason for endorsing them was that his brother wanted time to pay his indebtedness to the plaintiff company, and that if he endorsed them the matter could be arranged; he denies that he said he supposed he would have to pay them; he says he expected that the plaintiff company was to write its name above his and that he was to be the second endorser.

The objection taken is that under this evidence there should have been a verdict directed for the defendant.    The trial justice submitted the facts to the jury to determine—first, whether there was any contract whatever, if none, then the verdict should be for the defendant, and if there was a contract whether the liability of the defendant was that of maker of the note or surety which entitled the plaintiff to recover, or whether it was that of a second endorser, and if the latter then also a verdict should be rendered for the defendant. The trial justice clearly defined the legal effect and meaning of these terms to the jury, and the character of the contract of a maker, surety, or endorser, of a promissory note.

No error can be found in this submission of the facts and circumstances to the jury.

The weight and credibility of the evidence, the facts and circumstances existing, are questions for the jury to determine under general rules requiring facts to be submitted to the

jury; and even where facts and circumstances are not in dispute it often becomes the province of the jury to give meaning to them where more than one meaning can reasonably be ascribed to them, or where in a given case two conclusions of fact can be reasonably reached. The trial justice did, according to the request of the defendant, instruct the jury that in order to determine liability against the defendant, they must find from the facts of the whole transaction that the agreement between the parties was that the defendant signed this note by whatever name or appellation it was done as a maker thereof or surety thereon, and it certainly was not the province of the trial court under the facts to conclude as matter of law what the relation was which existed between the plaintiff and defendant upon the note.

There was evidence from which liability of the defendant as maker or surety could be found or imposed. There was evidence tending to show that he intended to become bound as a maker or surety on the note.

There was other evidence tending to show that he only intended to become bound as a second endorser, and therefore not liable to the plaintiff.

It was the clear duty of the trial justice to submit these questions to the jury, and their determination was reasonably based upon the facts and cannot be disturbed upon error.

The law of this case has been so fully discussed in the cases of *Chaddock* v. *Van Ness,* 6 *Vroom* 517, and in *Building Association* v. *Leeds,* 31 *Id.* 399, as to make repetition entirely unnecessary.

The judgment in the Supreme Court must be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, LIPPINCOTT, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 13.

*For reversal*—None.